## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

AUDREY CARTER,

                Plaintiff,

    v.

GENERAL MARTIN DEMPSEY, *et al.*,

                Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.    11 1412

---

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. For the reasons stated below, the Court will grant the application and dismiss the complaint.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. CONST. art. III, § 2), *cert. denied*, __ U.S. __, 129 S.Ct. 1918 (2009). A party has standing for purposes of Article III if her claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiff alleges that the federal government discriminates against members of the

1

military when it "allow[ed] stiffen pay for each military family who had an extra child and stopped allowing stiffens in later years for extra children." Compl. at 1. It appears that plaintiff is attempting to assert the rights of others in her capacity as "An American & Foreign Activist," *id.*, rather than an injury to a legally protected interest of her own. The Court concludes, then, that plaintiff does not have standing to bring this action. Her complaint will be dismissed.

An Order is issued separately.

Henry Kennedy, Jr.
United States District Judge

DATE: 7/27/11